TRA T. NGUYEN AND CAM VAN T. NGUYEN, aka CAM VAN NGUYEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Nguyen v. Commissioner
Docket No. 13394-87.
United States Tax Court
T.C. Memo 1989-101; 1989 Tax Ct. Memo LEXIS 101; 56 T.C.M. (CCH) 1432; T.C.M. (RIA) 89101; March 14, 1989. Larry Rothman, for the petitioners. Margaret Hebert, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986, and Rules 180, 181, and 183. [1] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent *103 determined deficiencies in petitioners' income taxes for the taxable years 1983 and 1984 in the amounts of $ 16,447.95 and $ 6,218.50, respectively. Some of the issues raised by the pleadings have been disposed of by the parties, leaving for our decision: (1) whether petitioners' motor yacht was a facility used in connection with an activity generally considered to constitute entertainment, amusement, or recreation within the meaning of section 274(a)(1)(B); and (2) if so, to what extent (a) a deduction is allowable under section 167, and (b) a credit is allowable under section 38. FINDINGS OF FACT Some of the facts have been stipulated; the stipulated exhibits are incorporated herein by this reference. When the petition in the instant case was filed, Tra T. Nguyen and Cam Nguyen resided in Huntington Beach, California. They filed a joint Federal income tax return for each of the taxable years 1983 and 1984. During the years in issue, Tra T. Nguyen was a physician and was employed by Tra Nguyen, Inc., a professional corporation. Cam Nguyen was the office manager of Tra Nguyen, Inc. In December 1983, petitioners for the stated purpose of "seeking some relaxation after work" *104 acquired a 28-foot Carver Riviera yacht at a cost of $ 58,490.50 . This yacht was christened the Belle Vie (hereinafter sometimes referred to as the yacht). On their 1983 and 1984 Federal income tax returns, petitioners allocated 70 percent of the cost of the yacht to business use and 30 percent to personal use. Petitioners claimed the following deductions and credits with respect to the yacht on their 1983 and 1984 Federal income tax returns: 1983
1984
Depreciation
$ 10,122
$ 7,512
Insurance
$    380
-
Total
$ 10,502
$ 7,512
Investment Tax Credit
$  4,913
-
Petitioners maintained a contemporaneous ship's log (hereinafter log) containing a list of doctors who were present on the yacht when the Belle Vie was utilized during the years 1983 and 1984. The log makes reference to the fact that Tra T. Nguyen used the yacht to discuss patient referrals and current medical procedures with other members of his profession. These individuals were generally accompanied by their spouses. The log also indicates that in addition to the business discussions on the yacht, the Belle Vie was used on two trips during 1983 and four additional trips in 1984. *105 The corresponding notations in the log concerning these trips show that the trips were personal in nature. The log specifically demonstrates that petitioners accompanied by guests on two of the foregoing occasions attended such social events as the "Festival of Lights" and the "Boat Parade." There is no evidence in the record to contradict the personal nature of these trips. OPINION Respondent advances the argument that petitioners are not entitled to claim a deduction for depreciation or the investment credit with respect to the yacht for the stated reason that petitioners have not satisfied the requirements of section 274. Petitioners contend that they are entitled to a full and complete deduction and investment tax credit because the yacht was used 100 percent for business. It is well established that petitioners bear the burden of proving their entitlement to a deduction. Welch v. Helvering, 290 U.S . 111 (1933). A deduction is allowable under section 167(a)(1) for depreciation of property used in a trade or business. Additionally, an investment credit is allowable with respect to tangible personal property, but only if depreciation is allowable *106 with respect to that property. Sec. 48(a)(1)(A). Section 274(a) (1)(B) forecloses the allowance of a deduction, otherwise allowable, by specifically providing that no deduction shall be allowed with respect to a facility used in connection with an activity which is of a type generally considered to constitute entertainment, amusement, or recreation. It is clear that any use of a facility, no matter how small, in connection with "entertainment, amusement, or recreation" is fatal to a deduction under section 274(a)(1)(A). Harrigan Lumber Co. v. Commissioner,88 T.C. 1562, 1564-1565 (1987), affd. without published opinion 851 F.2d 362 (11th Cir. 1988); Security Associates Agency Insurance Corporation v. Commissioner,T.C. Memo. 1987-317; H. Rept. 95-1800 (Conf.) (1978), 1978-3 C.B. (Vol. 1) 521, 583-584; S. Rept. 95-1263 (1978), 1978-3 C.B. (Vol. 1) at 472-473. The term "facility" is not defined in the statute. The legislative history and regulations state that a "facility" is any item of personal or real property owned, rented, or used by a taxpayer and includes such items as yachts. Harrigan Lumber Co. v. Commissioner, supra at 1565. *107 We must decide, therefore, whether the yacht, a facility within the meaning of the statute, was used in connection with an activity which would be considered to constitute entertainment, amusement or recreation. An examination of the record before us indicates that petitioners' position that the yacht was used 100 percent for business and not for entertainment is untenable. The record is devoid of any explanation as to what business purpose was served by attending social events such as the "Festival of Lights" and the "Boat Parade." Further , we believe that a number of the so-called "business" guests who were invited on the yacht were also social friends of petitioners who were invited primarily for social reasons. In any event the record is clear that the use of the yacht was personal, except for that period of time when only physicians were aboard. Petitioners' own tax returns allocate 30 percent of the yacht's use as personal. Petitioners continually maintained this position through the administrative process and only changed their position that the yacht was used exclusively for business at the time of trial. The fact that some of the guests may have had a business association *108 with petitioners and engaged in business discussions on the yacht does not, in and of itself, establish that they were invited on the Belle Vie solely for business reasons. See Challenge Manufacturing Co. v. Commissioner,37 T.C. 650, 660 (1962). Accordingly, we conclude that section 274(a)(1)(B) prohibits petitioners' claimed deduction for depreciation under section 167 for each of the years in issue, and, as a result, petitioners are not entitled to the investment credit claimed for the yacht in 1983. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩